**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| Muhammad Talukder, et al., | |
| Plaintiffs, | **1:25-cv-03895 (SDA)** |
| -against- | **ORDER** |
| City of New York, et al., | |
| Defendants. | |

**STEWART D. AARON, United States Magistrate Judge:**

This case contains one or more claims arising under the Fair Labor Standards Act. (*See* Compl., ECF No. 1.) A settlement was reached by the parties at a settlement conference before me on March 11, 2026. The parties thereafter consented to have all proceedings held before me. (Notice, ECF No. 52.) On May 14, 2026, the Court entered an Order directing the parties to provide a copy of the settlement agreement to the Court together with a letter explaining why the settlement, including any provision for attorney's fees and costs, is fair, reasonable and adequate under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015). (*See* 5/14/26 Order, ECF No. 52.)

On June 3, 2026, the parties submitted the required letter along with the proposed settlement agreement and related papers. (6/3/26 Joint Letter, ECF No. 54.)  The settlement provides that the City will pay a total of $2,900,000.00 to settle all claims of the 358 Plaintiffs, which consists of (1) $1,441,569.00 in backpay and (2) $1,458,431.00 constituting liquidated damages, Service Awards, statutory attorneys' fees, and litigation expenses. (*Id.* at 3.) Having reviewed the proposed settlement, the Court finds that it is fair and reasonable, given both the

nature and scope of Plaintiffs' claims as well as the risks and expenses involved in additional litigation. *See Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012).

As part of the settlement, Plaintiffs seek approval of $6,000.00 in Service Awards, $18,116.58 in costs, and $720,470.86 in attorneys' fees, which represents a 25% contingency fee after costs, pursuant to contingency fee agreements between each of the 358 Plaintiffs and Plaintiffs' counsel. (*See* 6/3/26 Joint Letter at 8-11; *see also* Talukder Retainer Agreement, Elkin Decl. Ex. A, ECF No. 54-3, at PDF pp. 16-17.) "Case law approves the granting of service awards in FLSA settlements" and the Court finds the Service Awards of $3,000.00 to two Settlement Team members, for a total of $6,000.00, to be reasonable. *See Wynne v. City of New York*, No. 23-CV-09955 (DEH) (GWG), 2024 WL 5049770, at *2 (S.D.N.Y. Dec. 10, 2024) (approving Service Awards of $3,000.00 to three plaintiffs).

"The fairness review required by *Cheeks* 'extends to the reasonableness of attorneys' fees and costs.'" *Almanzar v. Silver Star Properties Corp.*, No. 23-CV-00819 (GWG), 2023 WL 6979460, at *2 (S.D.N.Y. Oct. 24, 2023) (quoting *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 606 (2d Cir. 2020)). The Court finds that the requested attorneys' fees are reasonable. "Courts in this Circuit routinely approve of one-third contingency fees for FLSA cases." *Garay v. Euro Metalsmith*, No. 23-CV-03451 (ARR) (JMW), 2023 WL 8435866, at *6 (E.D.N.Y. Dec. 5, 2023). Moreover, where there is no reason to question the reasonableness of the contingency agreement itself and the fees are "within the range of what FLSA practitioners demand in the marketplace[,]" courts have found attorneys' fees reasonable when they are "consistent with the retainer agreement agreed to by [the] plaintiff." *See Almanzar,* 2023 WL 6979460, at *3; *see also Miller v. United Parcel Serv., Inc.*, No. 20-CV-05244 (JMW), 2023 WL 2214107, at *4 (E.D.N.Y. Feb. 24, 2023) ("Following *Fisher*,

courts in this district have independently found an attorney fee representing one-third the settlement amount reasonable, where the attorney provided documentation of the signed retainer agreement between the attorney and plaintiff."). Here, the Court finds that the contingency fee agreement is reasonable and that the requested fees are consistent with the agreement. *See Wynn*, 2024 WL 5049770, at *4 (approving attorneys' fees in settlement agreement as consistent with retainer agreement agreed to by plaintiffs). Accordingly, the Court approves the requested attorneys' fees.

Finally, the Court finds the requested costs to be reasonable. Plaintiffs' attorneys seek $18,116.58 in costs, including mailing costs, court costs, expert costs and travel expenses. (*See* Elkin Decl. ex. B, ECF No. 54-3, at PDF pp. 19-46.) These types of costs "are routinely recoverable in litigation[.]" *Puerto v. Happy Life Home Health Agency Inc.*, No. 23-CV-04915 (GWG), 2023 WL 8258103, at *3 (S.D.N.Y. Nov. 29, 2023) (internal quotation marks and citation omitted); *see also Wynn*, 2024 WL 5049770, at *4 (approving $17,630.00 in litigation expenses, including copying, court costs, mailing costs and consultant services).

For these reasons, the Court approves the settlement. This action is dismissed with prejudice and without costs except as may be stated in the settlement agreement. The Court will retain jurisdiction to enforce the settlement agreement. The Clerk of Court is respectfully requested to close this case.

**SO ORDERED.**

Dated:      New York, New York
            June 5, 2026

_____
STEWART D. AARON
United States Magistrate Judge

3